**John D. JUSTICE, and on behalf of all parolees similarly situated, Plaintiff–Appellant,**

v.

**Terry KING, Saving Grace Ministries, Inc., Eugenio Russi, Tom Tortora, Richard Miraglia, Michael Hogan, Defendants–Appellees.**

No. 15–1198–pr.

United States Court of Appeals, Second Circuit.

Jan. 13, 2016.

John D. Justice, pro se, Comstock, N.Y. for Plaintiff–Appellant.

Timothy W. Hoover, Daniel R. Maguire, Philips Lytle, LLP, Buffalo, N.Y., for De-

fendants–Appellees King and Saving Grace Ministries, Inc.

Jeffrey W. Lang, Assistant Solicitor General, Barbara D. Underwood, Solicitor General, Andrea Oser, Deputy Solicitor General, for Eric T. Schneiderman, Attorney General for the State of New York, Albany, N.Y., for Defendants–Appellees Russi, Tortora, Miraglia, and Hogan.

PRESENT: CHESTER J. STRAUB, DEBRA ANN LIVINGSTON and DENNY CHIN, Circuit Judges.

### SUMMARY ORDER

Plaintiff–Appellant John D. Justice ("Justice"), proceeding *pro se*, appeals from a judgment of the United States District Court for the Western District of New York (Geraci, *C.J.*), entered March 27, 2015, denying his motion for class certification as untimely filed, and also dismissing under Fed.R.Civ.P. 12(b)(6) his Second Amended Complaint, which asserted claims under 42 U.S.C. § 1983, and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(b) and (c). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir.2002). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Although factual allegations are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Here, an independent review of the record and relevant case law reveals that the district court properly dismissed Justice's claims. We affirm for substantially the reasons stated by the district court in its March 27, 2015 decision. *See Justice v. King*, No. 08–CV–6417–FPG, 2015 WL 1433303 (W.D.N.Y. Mar. 27, 2015).

We have considered all of Justice's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.